IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA LIVINGSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 19-cv-02027 |
| ) | |
| UBER TECHNOLOGIES INC. and, ) | Honorable Ruben Castillo |
| RASIER, LLC and RASIER – CA, LLC ) | |
| and RASIER – DC, LLC and ) | |
| NOORDIN RAJAH, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, CYNTHIA LIVINGSTON, by and through her attorneys, TRAPP AND GELLER, and complaining of the Defendants, UBER TECHNOLOGIES, INC and RASIER –CA LLC and RASIER –DC LLC and NOORDIN M. RAJAH, pleading hypothetically and in the alternative, hereby sates as follows:

**COUNT I**

**LIVINGSTON v. UBER and NOORDIN RAJAH**

1. That on or about May 11, 2017, Defendant UBER TECHNOLIGIES INC (hereinafter, "UBER") was a Corporation doing business in the City of Chicago, County of Cook and State of Illinois.

2. That on or about May 11, 2017, the Stroger Hospital Administration building was located at or near 1900 West Polk in the City of Chicago, County of Cook and State of Illinois.

3. That on or about May 11, 2017, Defendant NOORDIN RAJAH was driving a motor vehicle at or near 1900 West Polk in the City of Chicago.

4. That on or about May 11, 2017, Defendant NOORDIN RAJAH owned the vehicle he was driving.

5. That on or about May 11, 2017, Defendant NOORDIN was driving the aforesaid vehicle with the permission of the owner of the vehicle.

6. That on or about May 11, 2017, Defendant NOORDIN RAJAH was driving the aforesaid vehicle as the agent and/or employee of Defendant UBER.

7. That on or about May 11, 2017, and at all times stated herein, Defendant NOORDIN RAJAH was driving the aforesaid vehicle within the course and scope of his employment and/or agency with Defendant UBER.

8. That on or about May 11, 2017, Defendant NOORDIN RAJAH, and at all times stated herein, was driving the aforesaid vehicle as a permissive of Defendant UBER.

9. That on or about May 11, 2017, Defendant NOORDIN RAJAH had been requested via Defendant UBER to pick up certain passengers, including CYNTHIA LIVINGSTON, at or near 1900 West Polk in Chicago for purposes of transportation.

10. That on or about May 11, 2017, Plaintiff CYNTHIA LIVINGSTON was a pedestrian and a customer and was attempting to get into Defendant's NOORDIN RAJAH's vehicle.

11. That on or about May 11, 2017, as Plaintiff CYNTHIA LIVINGSTON was attempting to get into Defendant NOORDIN RAJAH's vehicle, the Defendant began to drive away and dragged Plaintiff's body.

12. That on or about May 11, 2017, and at all times stated herein, Defendants UBER and NOORDIN RAJAH, individually and by and through their agents and/or employees owed a duty to operate their vehicle in a reasonably safe manner to avoid causing injury to Plaintiff.

13. That on or about May 11, 2017, notwithstanding the aforesaid duty, Defendants, UBER and NOORDIN RAJAH, individually and by and through their agents and/or employees were guilty of on ore more of the aforesaid acts and/or omissions:

    a. Failed by driving away before Plaintiff was able to get into the vehicle;

    b. Failed by striking Plaintiff while she was a pedestrian;

    c. Failed by driving at a speed which was greater than reasonable in violation of 625 ILCS 5/11-601(a);

    d. Failed to allow for Plaintiff to safely enter the vehicle before driving away;

    e. Failed to keep a safe and proper lookout for Plaintiff.

14. That on or about May 11, 2017, Plaintiff CYNTHIA LIVINGSTON was injured.

15. That the aforesaid injuries suffered by Plaintiff CYNTHIA LIVINGSTON were a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendants, UBER and NOORDIN RAJAH.

16. That as a result of her injuries, Plaintiff CYNTHIA LIVINGSTON has been caused to incur medical and legal expenses, and has been caused to suffer great pain and disability and loss of a normal life, and disfigurement and lost wages and benefits all of which injuries are permanent and will continue on into the future.

17. That there exists complete diversity in citizenship between Plaintiff and Defendants in this matter.

18. That Plaintiff is seeking in excess of $75,000.00 as compensation for her injuries and damages sustained in this matter.

WHEREFORE, the Plaintiff, CYNTHIA LIVINGSTON, by and through her attorneys, TRAPP & GELLER, prays for judgment in her favor and against the Defendant UBER AND NOORDIN RAJAH, in a sum in excess of FIFTY THOUSAND DOLLARS ($75,000.00) as shall be just and proper compensation for the injuries sustained and damages incurred, plus costs.

## COUNT II

### CYNTHIA LIVINGSTON V. RASIER AND NOORDIN RAJAH

1. That on or about May 11, 2017, Defendant RASIER LLC was a Limited Liability Company doing business in the City of Chicago, County of Cook and State of Illinois.

2. That on or about May 11, 2017, Defendant RASIER - CA LLC was a Limited Liability Company doing business in the City of Chicago, County of Cook and State of Illinois.

3. That on or about May 11, 2017, Defendant RASIER - DC LLC was a Limited Liability Company doing business in the City of Chicago, County of Cook and State of Illinois.

4. That for purposes of this complaint, Defendant RASIER LLC and Defendant RASIER – CA LLC and Defendant RASIER – DC LLC shall hereinafter be collectively referred to as "Defendant RASIER".

5. That on or about May 11, 2017, the Stroger Hospital Administration building was located at or near 1900 West Polk in the City of Chicago, County of Cook and State of Illinois.

6. That on or about May 11, 2017, Defendant NOORDIN RAJAH was driving a motor vehicle at or near 1900 West Polk in the City of Chicago.

7. That on or about May 11, 2017, Defendant NOORDIN RAJAH owned the vehicle he was driving.

8. That on or about May 11, 2017, Defendant NOORDIN RAJAH was driving the aforesaid vehicle with the permission of the owner of the vehicle.

9. That on or about May 11, 2017, Defendant NOORDIN RAJAH was driving the aforesaid vehicle as the agent and/or employee of Defendant RASIER.

10. That on or about May 11, 2017, and at all times stated herein, Defendant NOORDIN RAJAH was driving the aforesaid vehicle within the course and scope of his employment and/or agency with Defendant RASIER.

11. That on or about May 11, 2017, Defendant NOORDIN RAJAH and at all times stated herein, was driving the aforesaid vehicle as a permissive user from Defendant RASIER.

12. That on or about May 11, 2017, Defendant NOORDIN RAJAH had been requested via Defendant UBER to pick up certain passengers, including CYNTHIA LIVINGSTON, at or near 1900 West Polk in Chicago for purposes of transportation.

13. That on or about May 11, 2017, Plaintiff CYNTHIA LIVINGSTON was a pedestrian and a customer and was attempting to get into Defendant NOORDIN RAJAH'S vehicle.

14. That on or about May 11, 2017, as Plaintiff CYNTHIA LIVINGSTON was attempting to get into the vehicle, Defendant NOORDIN RAJAH began to drive away and dragged Plaintiff's body.

15. That on or about May 11, 2017, and at all times stated herein, Defendants, RASIER and NOORDIN RAJAH, individually and by and through their agents and/or employees owed a duty to operate their vehicle in a reasonably safe manner to avoid causing injury to Plaintiff.

16. That on or about May 11, 2017, notwithstanding the aforesaid duty, Defendants RASIER and NOORDIN RAJAH, individually and by ant through their agents and/or employees were guilty of on ore more of the aforesaid acts and/or omissions:
    a. Failed by driving away before Plaintiff was able to get into the vehicle;
    b. Failed by striking Plaintiff while she was a pedestrian;
    c. Failed by driving at a speed which was greater than reasonable in violation of 625 ILCS 5/11-601(a);
    d. Failed to allow for Plaintiff to safely enter the vehicle before driving away;
    e. Failed to keep a safe and proper lookout for Plaintiff.

17. That on or about May 11, 2017, Plaintiff CYNTHIA LIVINGSTON was injured.

18. That the aforesaid injuries suffered by Plaintiff CYNTHIA LIVINGSTON were a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendants, RASIER and NOORDIN RAJAH.

19. That as a result of her injuries, Plaintiff CYNTHIA LIVINGSTON has been caused to incur medical and legal expenses, and has been caused to suffer great pain and disability and loss of a normal life, and disfigurement and lost wages and benefits all of which injuries are permanent and will continue on into the future.

20. That there exists complete diversity in citizenship between Plaintiff and Defendants in this matter.

21. That Plaintiff is seeking in excess of $75,000.00 as compensation for her injuries and damages sustained in this matter.

WHEREFORE, the Plaintiff, CYNTHIA LIVINGSTON, by and through her attorneys, TRAPP & GELLER, prays for judgment in her favor and against the Defendant RASIER AND NOORDIN RAJAH, in a sum in excess of FIFTY THOUSAND DOLLARS ($75,000.00) as shall be just and proper compensation for the injuries sustained and damages incurred, plus costs.

## COUNT III

## LIVINGSTON v. NOORDIN RAJAH

1. That on or about May 11, 2017, the Stroger Hospital Administration building was located at or near 1900 West Polk in the City of Chicago, County of Cook and State of Illinois.

2. That on or about May 11, 2017, Defendant NOORDIN RAJAH was driving a motor vehicle at or near 1900 West Polk in the City of Chicago.

3. That on or about May 11, 2017, Defendant NOORDIN RAJAH owned the vehicle he was driving.

4. That on or about May 11, 2017, Defendant NOORDIN RAJAH was driving the aforesaid vehicle with the permission of the owner of the vehicle.

5. That on or about May 11, 2017, Defendant NOORDIN RAJAH was driving the aforesaid vehicle as the agent and/or employee of Defendant UBER.

6. That on or about May 11, 2017, and at all times stated herein, Defendant NOORDIN RAJAH was driving the aforesaid vehicle within the course and scope of his employment and/or agency with Defendant UBER.

7. That on or about May 11, 2017, Defendant NOORDIN RAJAH and at all times stated herein, was driving the aforesaid vehicle as a permissive of Defendant UBER.

8. That on or about May 11, 2017, Defendant NOORDIN RAJAH was driving the aforesaid vehicle as the agent and/or employee of Defendant RASIER.

9. That on or about May 11, 2017, and at all times stated herein, Defendant NOORDIN RAJAH was driving the aforesaid vehicle within the course and scope of his employment and/or agency with Defendant RASIER.

10. That on or about May 11, 2017, Defendant NOORDIN RAJAH and at all times stated herein, was driving the aforesaid vehicle as a permissive of Defendant RASIER.

11. That on or about May 11, 2017, Defendant NOORDIN RAJAH had been requested via Defendant UBER to pick up certain passengers, including CYNTHIA LIVINGSTON, at or near 1900 West Polk in Chicago for purposes of transporting them.

12. That on or about May 11, 2017, Plaintiff CYNTHIA LIVINGSTON was a pedestrian and a customer and was attempting to get into Defendant NOORDIN RAJAH'S vehicle.

13. That on or about May 11, 2017, as Plaintiff CYNTHIA LIVINGSTON was attempting to get into the vehicle, Defendant NOORDIN RAJAH began to drive away and dragged Plaintiff's body.

14. That on or about May 11, 2017, and at all times stated herein, Defendant NOORDIN RAJAH, individually and by and through their agents and/or employees owed a duty to operate their vehicle in a reasonably safe manner to avoid causing injury to Plaintiff.

15. That on or about May 11, 2017, notwithstanding the aforesaid duty, Defendant NOORDIN RAJAH, individually and by ant through their agents and/or employees were guilty of on ore more of the aforesaid acts and/or omissions:

   a. Failed by driving away before Plaintiff was able to get into the vehicle;

   b. Failed by striking Plaintiff while she was a pedestrian;

   c. Failed by driving at a speed which was greater than reasonable in violation of 625 ILCS 5/11-601(a);

   d. Failed to allow for Plaintiff to safely enter the vehicle before driving away;

   e. Failed to keep a safe and proper lookout for Plaintiff.

16. That on or about May 11, 2017, Plaintiff CYNTHIA LIVINGSTON was injured.

17. That the aforesaid injuries suffered by Plaintiff CYNTHIA LIVINGSTON were a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendant, NOORDIN RAJAH.

18. That as a result of her injuries, Plaintiff CYNTHIA LIVINGSTON has been caused to incur medical and legal expenses, and has been caused to suffer great pain and disability and loss of a normal life, and disfigurement and lost wages and benefits all of which injuries are permanent and will continue on into the future.

19. That there exists complete diversity in citizenship between Plaintiff and Defendants in this matter.

20. That Plaintiff is seeking in excess of $75,000.00 as compensation for her injuries and damages sustained in this matter.

WHEREFORE, the Plaintiff, CYNTHIA LIVINGSTON, by and through her attorneys, TRAPP & GELLER, prays for judgment in her favor and against the Defendant NOORDIN RAJAH, in a sum in excess of FIFTY THOUSAND DOLLARS ($75,000.00) as shall be just and proper compensation for the injuries sustained and damages incurred, plus costs.

By: _____
Plaintiff's Attorney

**TRAPP AND GELLER**
205 West Wacker Dr., #900
Chicago, IL 60606
(312) 368-1444
ARDC No. 6277519